UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRAVIS FERRAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CAUSE NO. 1:17-cv-2908 |
| CSX TRANSPORTATION, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. Nature of the Case

The plaintiff, Travis Ferran (hereinafter "Ferran"), brings this action against his employer, CSX Transportation, Inc. (hereinafter "Defendant"), alleging that Defendant violated his rights under the Americans With Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*

### II. Parties

1. Ferran has resided within the Southern District of the State of Indiana at all relevant times.

2. Defendant is located within the Southern District of Indiana.

### III. Jurisdiction and Venue

3. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A) and 29 U.S.C. § 2611(4).

4. Ferran was an "employee" within the meaning of 42 U.S.C. § 12111(4) and 29 U.S.C. § 2611(2).

1

5. At all relevant times, Ferran has been a qualified individual with a disability, has had a record of disability, and/or has been regarded as disabled by Defendant.

6. At all relevant times, Ferran was an "eligible employee" as that term is defined by the FMLA.

7. At all relevant times, Ferran had a "serious health condition" as that term is defined by the FMLA.

8. Since January 1, 2017, Defendant has employed fifty (50) or more employees within a seventy-five (75) mile radius of the location where Plaintiff worked.

9. Plaintiff worked 1,250 or more hours in the twelve (12) months preceding each of his requests for FMLA leave described below.

10. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 12117, and 29 U.S.C. § 2617(a)(2).

11. Ferran satisfied his obligations to exhaust his administrative remedies and now timely files his lawsuit.

12. Venue is proper in this Court.

### IV. Factual Allegations

11. Ferran has been employed with Defendant since on or about March 13, 2011 and currently holds the position of Freight Conductor. During his employment, Ferran has performed his job duties in a competent and satisfactory manner, carrying out the essential functions of the job.

12. On or about May 24, 2012, Ferran was in an automobile wreck, in which a drunk driver hit him and his wife in a head on collision, causing Ferran to suffer substantial injuries resulting in multiple surgeries.

13. Ferran requested, and was granted, a medical leave. Ferran's actions constitute a request for a reasonable accommodation and statutorily-protected conduct.

14. As a result of his injuries, Ferran suffered two grand mal seizures.

15. Pursuant to Defendant's policies, employees who have experienced a seizure are not permitted to return to work until 12 months after the seizure.

16. As a result of his extensive injuries and surgeries, Ferran was prescribed high dosages of pain medication and benzodiazepines.

17. After being on the medications for an extended period of time, Ferran became concerned about dependence; and he voluntarily sought, and underwent, medical treatment to cease taking pain medications.

18. As part of his treatment, and in an effort to safely wean him off of the prescribed medications, Ferran was prescribed Suboxone, a medication that treats chronic pain and dependence on pain medication.

19. Ferran returned to work in September 2013.

20. Prior to being permitted to return to service, Ferran had to undergo a full physical and drug screen, both of which he passed. In addition, Ferran was required to go to Defendant's training facilities for one week to requalify for the physical tasks required for his position, which he did.

21. On or about May 26, 2016, Ferran applied for intermittent leave under the FMLA to cover his ongoing medical appointments. Ferran's actions constitute a request for a reasonable accommodation and statutorily-protected protected conduct.

22. On or about May 27, 2016, Defendant suspended Ferran from service, purportedly in relation to his medication, Suboxone.

23. On or about May 31, 2016, while discussing the suspension with Defendant, Ferran was referred to as a drug addict.

24. Defendant has no policy prohibiting the use of prescribed medications, nor does the Federal Railroad Administration.

25. Employees who are similarly situated to Ferran are permitted to work while taking prescribed medications, including pain medication and other medications that can cause impairment.

26. Defendant has accorded more favorable treatment to employees who are similarly situated to Ferran.

27. Ferran has suffered, and continues to suffer, harm as a result of Defendant's unlawful actions.

## V. Causes of Action

### COUNT I

### DISABILITY DISCRIMINATION – ADA

28. Ferran hereby incorporates paragraphs 1 - 27 of his Complaint.

29. The acts alleged above constitute unlawful employment practices in violation of the ADA.

30. Defendant has failed and refused to apply the same standard to Ferran as it has applied to similarly situated employees who are not disabled, do not have a record of disability, and/or who it does not regard as disabled.

31. Defendant took unlawful, adverse employment actions against Ferran when it suspended him.

32. Defendant's actions, as alleged above, deprived Ferran of equal employment opportunities and otherwise adversely affected the terms and conditions of his employment.

33. Ferran has suffered damages as a result of Defendant's unlawful conduct, including lost wages, mental anguish, and emotional distress.

34. Defendant's unlawful actions against Ferran were intentional, willful, and done in reckless disregard of Ferran' rights as protected by the ADA.

## COUNT II

### RETALIATION – ADA

35. Ferran hereby incorporates paragraphs 1 - 34 of his Complaint.

36. The acts alleged above constitute retaliation for engagement in protected activity in violation of the ADA.

37. Defendant failed and refused to apply the same standard to Ferran as it has applied to similarly situated employees who have not engaged in protected activity.

38. Defendant took unlawful and retaliatory adverse employment actions against Ferran when it suspended him.

39. Defendant's actions, as alleged above, deprived Ferran of equal employment opportunities and otherwise adversely affected the terms and conditions of his employment.

40. Ferran has suffered damages as a result of Defendant's unlawful conduct, including lost wages, mental anguish, and emotional distress.

41. Defendant's unlawful actions against Ferran were intentional, willful, and done in reckless disregard of Ferran's rights as protected by the ADA.

## COUNT III

## VIOLATIONS OF THE FMLA

42. Ferran hereby incorporates paragraphs 1 – 41 of his Complaint.

43. Defendant failed and refused to apply the same standard to Ferran as it has applied to similarly situated employees who have not requested FMLA qualifying leave and/or taken FMLA leave.

44. Defendant took unlawful and retaliatory adverse employment actions against Ferran when it suspended him.

45. Defendant's actions, as alleged above, constitute interference with Ferran's FMLA rights and/or constitute retaliation for requesting and/or taking FMLA leave.

46. Ferran has suffered damages as a result of Defendant's unlawful conduct, including lost wages.

47. Defendant's unlawful actions against Ferran were intentional, willful, and done in reckless disregard of Ferran' rights as protected by the FMLA.

## VI. Relief Requested

WHEREFORE, Plaintiff, Travis Ferran, by counsel, respectfully requests that this Court find for him and order that:

1. Defendant reinstate Ferran to the same or similar position, salary, and seniority, or pay front pay and benefits to Ferran in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Ferran;

3. Defendant pay liquidated damages to Ferran;

4. Defendant pay compensatory and punitive damages to Ferran;

5. Defendant pay pre- and post-judgment interest to Ferran;

6. Defendant pay Ferran's attorneys' fees and costs incurred in litigating this action;

7. Defendant be enjoined from engaging in taking further unlawful adverse employment actions against Ferran based upon his disability, requests for reasonable accommodations and/or FMLA leave or requests for leave.

8. Defendant pay to Ferran any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

*s/ Jason P. Cleveland*
Jason P. Cleveland (24126-53)
CLEVELAND LEHNER CASSIDY
8250 Haverstick Road, Suite 235
Indianapolis, IN 46240
Tel: 317-388-5424
Fax: 317-947-1863
Email: jason@clcattorneys.com

## DEMAND FOR JURY TRIAL

The Plaintiff, Travis Ferran, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

*s/ Jason P. Cleveland*
Jason P. Cleveland (24126-53)